UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT TERRELL,

        Petitioner,

                              CASE NO. 2:07-CV-14647
v.                             JUDGE DENISE PAGE HOOD
                              MAGISTRATE JUDGE PAUL J. KOMIVES

LINDA METRISH,

        Respondent.
_____/

MEMORANDUM ORDER: (1) DENYING PETITIONER'S MOTION FOR EVIDENTIARY
HEARING (docket #15); and (2) DENYING PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL (docket #16)

      This matter is before the court on petitioner's motions for evidentiary hearing and for appointment of counsel, both filed on May 23, 2008. On today's date, the undersigned has filed a Report recommending that petitioner's application for the writ of habeas corpus be denied. For the reasons that follow, petitioner's motions for evidentiary hearing and appointment of counsel will be denied.

      *Evidentiary Hearing*

      In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2). In deciding whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d

331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).[1]

Here, petitioner's motion does not identify with specificity what evidence he seeks to uncover through an evidentiary hearing. Presumably, petitioner seeks to uncover evidence which would support petitioner's claim that counsel coerced him into pleading guilty. However, as explained in the Report filed on this date, the record establishes that although counsel exerted some pressure on petitioner, this pressure was based on counsel's assessment of the case and thus does not support a claim that petitioner was coerced. Thus, petitioner cannot show that an evidentiary hearing would have the potential to advance his claims. Petitioner might also be seeking an evidentiary hearing to develop his claim regarding counsel's failure to interview three potential

---

[1] Under § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of the a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. 28 U.S.C. § 2254(e)(2). In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court explained that Congress' use of the term "'failed to develop' implies some lack of diligence[.]" *Id.* at 430. Thus, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. Here, it is doubtful whether petitioner would be entitled to an evidentiary hearing under § 2254(e)(2) even if one were otherwise necessary under Rule 8. However, because one is not necessary, the Court need not resolve this issue.

witnesses. As explained in the Report, however, petitioner has presented no indication of the purported testimony of two of the witness, and with respect to the third witness he has presented no affidavit from the witness corroborating his bald assertion that she would have testified at trial in a manner favorable to him. Speculative allegations or allegations which are contradicted by the record are insufficient to entitle a petitioner to an evidentiary hearing, *see Getsy v. Mitchell*, 495 F.3d 295, 312 (6th Cir. 2007); *Young v. Herring*, 938 F.2d 543, 560 & n.12 (5th Cir. 1991). Petitioner's "'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing.'" *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Thus petitioner is not entitled to an evidentiary hearing under Rule 8.

### *Appointment of Counsel*

Petitioner also seeks appointment of counsel to assist him in presenting his habeas claims. There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel in a habeas proceeding is generally appropriate only if an evidentiary hearing is required or exceptional circumstances deprive the petitioner of the means to adequately investigate, prepare, or present a colorable claim. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). Petitioner has adequately briefed his claims, and no evidentiary hearing is warranted. Thus, the assistance of counsel is not necessary for petitioner to adequately present his claims.

Accordingly, it is ORDERED that petitioner's motion for evidentiary hearing and motion for appointment of counsel are both hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file

any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

      IT IS SO ORDERED.

                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: 2/13/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 13, 2009.
>
>                                     s/Eddrey Butts
>                                     Case Manager