**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**VINCENT TERRELL,**

    Petitioner,

                                  Case No. 07-14647

v.

                                  **HONORABLE DENISE PAGE HOOD**

**LINDA METRISH,**

    Respondent.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated February 13, 2009. On March 16, 2009, Petitioner filed Objections[1] to the Magistrate Judge's Report and Recommendation and Request for an Evidentiary Hearing and Appointment of Counsel. The Magistrate Judge recommends that the Court deny Petitioner's Petition for a Writ of Habeas Corpus. For the reasons set forth below, the Court accepts and adopts the Magistrate Judge's findings and conclusions of law.

---

[1] In order to have preserved his right to appeal the Magistrate Judge's recommendation, Petitioner was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). In the interests of justice, the Court will nonetheless review Petitioner's objections even though they were untimely filed.

**II.     STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**III.    APPLICABLE LAW & ANALYSIS**

Petitioner raises six objections to the Magistrate Judge's Report and Recommendation. Petitioner first objects to the standard of review used in the Magistrate Judge's Report and Recommendation. Petitioner argues that the Magistrate Judge nowhere referred to the fact that federal courts must construe *pro se* pleadings liberally. While it is true that *pro se* litigants' pleadings are held to a less stringent standard than litigants represented by counsel, *pro se* federal habeas corpus litigants must still state a valid claim and demonstrate entitlement to issuance of the writ by meeting the standard of review set forth in 28 U.S.C. § 2254(d). Federal courts may not issue a writ of habeas corpus if the petitioner cannot demonstrate that the state courts' resolution of his claims was contrary to, or involved an unreasonable application of, clearly established law or that the state court decision involved an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *See* 28 U.S.C. § 2254(d). Petitioner's objection is without merit.

Petitioner next argues that the Magistrate Judge did not have the entire record of the state court proceedings below, specifically "the relevant appellate briefs" submitted by Petitioner. Contrary to Petitioner's assertions, Respondent did provide the relevant appellate briefs filed in connection with Petitioner's criminal conviction and sentence. *See* Dkt. Nos. 12-10, pgs. 2-19; 12-11, pgs. 64-85; 12-12, pgs. 3-32; 12-13, pgs. 3-32, 45-56; 12-14, pgs. 5-7, 11-19.

Next, Petitioner argues that the Magistrate Judge used the incorrect legal standard in his resolution of Petitioner's claim that his guilty plea was invalid. The Magistrate Judge was correct in concluding that the United States Constitution does not require a sentencing court to satisfy itself that a sufficient factual basis exists for entry of a guilty plea. *See United States v. Tunning*, 69 F. 3d 107, 111 (6th Cir. 1995). To the extent that Petitioner argues that the Magistrate Judge failed to analyze his claim under clearly established Supreme Court precedent, the Court notes that a federal court "may look to lower courts of appeals' decisions, not as binding precedent, but rather to inform the analysis of Supreme Court holdings to determine whether a legal principle had been clearly established by the Supreme Court." *Foley v. Parker*, 488 F. 3d 377, 382 (6th Cir. 2007). Additionally, it appears that Petitioner is basing his objection on an argument he did not previously raise, neither in the state courts nor in his federal habeas petition: that his plea was taken without his counsel, or the court informing him of the elements of the crime. The Court declines to address this factual twist that Petitioner raises for the first time. Lastly, the Court agrees with the Magistrate Judge that Petitioner has not demonstrated that his will was overborne or that he was unable to rationally weigh the consequences of entering a guilty plea. Petitioner's objections are without merit.

Petitioner's fourth and fifth objections relate to his claims of ineffective assistance of counsel. Petitioner merely re-raises the same arguments that he raised in his petition. The Court concludes that the Magistrate Judge reached the proper conclusions in regard to Petitioner's ineffective assistance of counsel claims. Petitioner cannot demonstrate that he was prejudiced by any alleged errors of counsel. That is to say, even if counsel's performance was deficient, Petitioner cannot establish that the outcome of the proceeding would have been different, that he would not have entered a guilty plea and would have been acquitted after a jury trial.

Lastly, Petitioner objects to the Magistrate Judge's conclusions that his due process and equal

protection claim (in regard to his state post-conviction proceedings) should be denied as it is not cognizable on federal habeas review.  Petitioner argues that *Smith v. Bennett*, 365 U.S. 708, 713-14 (1961) demonstrates that the equal protection clause applies to state post-conviction proceedings. *Smith* is distinguishable from the present matter as the Supreme Court held that when a state creates a system for collateral review, it may not deny the right to an indigent simply because he or she is unable to pay the required filing fee.  *Id.* at 709.  Here, Petitioner has not shown that the state's post-conviction system denied him the right to collateral review compared with similarly situated individuals, nor has he shown a denial of due process.  Petitioner's arguments that the trial judge had personal animus towards him are unsupported by the record.  In any event, Petitioner's objection is denied as this claim is non-cognizable in federal habeas review.  *See Gee v. Groose*, 110 F. 3d 1346, 1351-52 (8th Cir. 1997).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 20]** dated February 13, 2009, is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 29, 2009

I hereby certify that a copy of the foregoing document was served upon Vincent Terrell, Reg. No. 448055, Kinross Correctional Facility, 16770 S. Watertower Dr., Kincheloe, MI 49788 and counsel of record on May 29, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
